**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 10 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DAVID ROBIN WHITMORE,

Plaintiff-Appellant,

v.

STEPHEN W. KAISER,

Defendant-Appellee.

No. 01-7071
(D.C. No. CIV-98-196-P)
(E.D. Okla.)

ORDER AND JUDGMENT  *

Before **KELLY** , **McKAY** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Plaintiff, David Whitmore, an Oklahoma state prisoner appearing      *pro se* ,

appeals a district court order denying his motion to strike a purported settlement

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

agreement and proceed to trial. Plaintiff alleged that the warden at Davis Correctional Facility, defendant Stephen W. Kaiser, failed to comply with the terms of a settlement agreement reached between the parties in plaintiff's 42 U.S.C. § 1983 civil rights action against defendant. The district court ruled that the defendant had substantially complied with the settlement agreement. We affirm.

In plaintiff's § 1983 complaint, he alleged he was falsely accused by prison officials of participation in a prison riot and, as punishment, lost 730 days of earned credit, was fined $200, and was transferred to a maximum security prison. Plaintiff claimed defendant violated his constitutional rights when, during the prison disciplinary hearings, defendant ignored evidence that plaintiff was not involved in the riot.

Following discovery, the district court dismissed the complaint by reason of settlement on September 29, 2000. On October 17, 2002, plaintiff filed a motion to strike or set aside the settlement agreement, challenging the defendant's compliance with the settlement agreement. *See Floyd v. Ortiz*, 300 F.3d 1223, 1226-27 & n.3 (10th Cir. 2002) (holding that trial court retains jurisdiction to enforce a settlement agreement where the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement). Plaintiff alleged that he agreed to plead guilty to a lesser charge, and that defendant agreed to

-2-

restore his lost credit hours, refund his $200 fine, and transfer him to a private prison facility operated by the Corrections Corporation of America (CCA). Numerous motions and responsive pleadings followed. Ultimately, plaintiff agreed that the riot offense charges had been resolved and that his lost credit hours had been restored, but he still argued he was entitled to restitution of the $200 fine and a transfer to a CCA facility. Defendant did not address plaintiff's restitution claim, but he presented evidence of a letter to plaintiff's current warden requesting plaintiff's reclassification to a medium security facility and expressing no objections to transferring plaintiff to a CCA facility. Defendant asserted he had satisfied all of his obligations under the settlement agreement. The district court denied plaintiff's motion to strike the settlement, stating that defendant had substantially complied with the terms of the settlement agreement.

On appeal, plaintiff contends he never signed a settlement agreement and that the district court erred in ruling defendant had complied with the parties' agreement. "We review the district court's interpretation of the settlement agreement de novo," *Scrivner v. Sonat Exploration Co*., 242 F.3d 1288, 1291 (10th Cir. 2001), and "[w]e review a district court's decision regarding the enforcement of a settlement agreement for an abuse of discretion." *Feerer v. Amoco Prod. Co.*, 242 F.3d 1259, 1262 (10th Cir. 2001). Upon consideration

of the plaintiff's brief, the district court record, and the terms of the settlement agreement, we find no error.

Plaintiff's factual contentions regarding the settlement agreement are not supported by the record. Although the original record on appeal did not include a copy of a settlement agreement, the district court supplemented the record on appeal at this court's request by providing a copy of the parties' settlement agreement and release. Contrary to plaintiff's assertion, the settlement agreement is signed by both parties. It provides that, in exchange for dismissal of the § 1983 complaint, the more serious charges against plaintiff relating to the riot will be withdrawn in exchange for his agreement to plead guilty to lessor charges; plaintiff's lost credit days will be restored; and the defendant will recommend plaintiff's transfer to a medium security prison and will not oppose his transfer to a CCA facility. Contrary to plaintiff's assertion, the settlement agreement does not include any agreement by defendant to provide restitution of the $200 fine. We agree with the district court that defendant's letter to plaintiff's current warden requesting plaintiff be reclassified as soon as possible for eligibility to a medium security prison, if he is otherwise eligible, and stating that defendant has no objection to a transfer of plaintiff to a CCA facility satisfied defendant's remaining obligations under the settlement agreement.

We AFFIRM.  The mandate shall issue forthwith.

Entered for the Court


Terrence L. O'Brien
Circuit Judge